| PROB 22<br>(Rev. 2/88) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)*<br>6:08CR10060-001 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br><br>Pedro Villa-Campos<br>Texas | DISTRICT<br><br>DISTRICT OF KANSAS | DIVISION<br><br>Wichita |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br><br>Honorable Monti L. Belot | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>11/24/2008 | TO<br>11/23/2011 |

**JUDGE PHILIP MARTINEZ**

OFFENSE

Illegal Alien in Possession of Firearm  18 U.S.C. § 922(g)(5)(A)

**EP09CR1481**

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE "DISTRICT OF KANSAS"

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Western District of Texas upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| April 29, 2009 | s/ Monti Belot |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE Western District of Texas

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 5/21/2009 | |
|---|---|
| *Effective Date* | *United States District Judge* |

## Notice to the Sentencing District

Please note that this case will be scheduled for sentencing on the newly acquired charges in the Western District of Texas, El Paso Division on July 21, 2009. In order to assure that the sentencing on the pending charges and the revocation proceedings that originated in your District, be handled simultaneously, in the Western District of Texas, El Paso Division, the Transfer of Jurisdiction, to include transferring of the District Court file from your District to the Western District of Texas, El Paso Division must be completed no later than June 23, 2009.

U.S. District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

'08 MAR -5 AM :39

CLERK. U.S. DISTRICT COURT
BY_____ DEPUTY CLERK
AT WICHITA. KS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Wichita Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| Plaintiff, | } |
| vs. | } Case No. 08-10060-01-MLB |
| PEDRO VILLA-CAMPOS, | } |
| Defendant. | } |

## INDICTMENT

The Grand Jury charges:

## COUNT 1

That on or about September 17, 2007, in the District of Kansas, the

defendant,

## PEDRO VILLA-CAMPOS,

a citizen of Mexico who is not a citizen or national of the United States, knowingly

and , intentionally possessed and used documents prescribed by statute and

regulation as evidence of authorized stay and employment in the United States

knowing them to have been procured by fraud and unlawfully obtained, in

violation of Title 18, United States Code, Section 1546(a).

## COUNT 2

That on or about September 17, 2007, in the District of Kansas, the defendant,

## PEDRO VILLA-CAMPOS,

knowingly and intentionally used and possessed, without lawful authority, a means of identification of another person during and in relation to a violation of Title 18, United States Code, Section 1546(a), possession and use of false documents as evidence of stay or employment in the United States, as alleged in Count 1, in violation of Title 18, United States Code, Section 1028A.

## COUNT 3

That on or about September 17, 2007, in the District of Kansas, the defendant,

## PEDRO VILLA-CAMPOS,

knowingly and intentionally possessed a false identification document appearing to have been issued by the United States government but which was produced without lawful authority, in violation of Title 18, United States Code, Section 1028(a)(6).

## COUNT 4

That on or about September 17, 2007, in the District of Kansas, the defendant,

**PEDRO VILLA-CAMPOS,**

knowingly used, without lawful authority, a means of identification of another person during and in relation to a violation of Title 18, United States Code, Section 1028(a)(6), possession of a false identification document appearing to have been issued by the United States government, as alleged in Count 3, in violation of Title 18, United States Code, Section 1028A.

### COUNT 5

That on or about September 17, 2007, in the District of Kansas, the defendant,

**PEDRO VILLA-CAMPOS,**

a citizen of Mexico unlawfully in the United States, knowingly and intentionally possessed in and affecting interstate commerce a firearm, to wit: a .22-caliber Harrington & Richardson Sportsman revolver, in violation of Title 18, United States Code, Section 922(g)(5)(A).

**A TRUE BILL.**

3.5.08
_____
Date

FOREMAN OF THE GRAND JURY

ERIC F. MELGREN, Bar No. 12430
United States Attorney

3

District of Kansas
301 N. Main, Suite 1200
Wichita, KS 67202
(316) 269-6481

[It Is Requested That Jury Trial Be Held in Wichita, Kansas.]

Returned in open court this 5th day of March, 2008.

UNITED STATES DISTRICT JUDGE

4

AO 245B (Rev. 03/2007) - Judgment in a Criminal Case

# United States District Court
## District of Kansas

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | |
| PEDRO VILLA-CAMPOS | Case Number: 6:08CR10060-001 |
| | USM Number: 20004-031 |
| | Defendant's Attorney David J. Freund |

## THE DEFENDANT:

[x]    pleaded guilty to count(s): 5 of the Indictment .

[ ]    pleaded nolo contendere to count(s) ___ which was accepted by the court.

[ ]    was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(g)(5)(A) | Illegal Alien in Possession of a Firearm | 09/17/07 | 5 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on count(s) ___ .

[x]    Count(s) 1 - 4 of the Indictment  (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of material changes in economic circumstances.

June 30, 2008
Date of Imposition of Judgment

s/Monti Belot
Signature of Judge

Honorable Monti L. Belot, U. S. District Judge
Name & Title of Judge

7/1/08
Date

AO 245B (Rev. 06/05) Judgment in a Criminal Case---Imprisonment

**FILED**
**U.S. DISTRICT COURT**
**DISTRICT OF KANSAS**

Judgment - Page 2 of 6

DEFENDANT:        PEDRO VILLA-CAMPOS
CASE NUMBER       6:08CR10060-001

## IMPRISONMENT

'08 SEP 10 A11 :49

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 16 months .

CLERK, U.S. DISTRICT COURT
BY:_____DEPUTY CLERK
AT WICHITA, KS

[ ]    The Court makes the following recommendations to the Bureau of Prisons:

[x]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.

    [ ] at ___ on ___.

    [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before _ on ___.

    [ ] as notified by the United States Marshal.

    [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on 08-28-2008 to BSCC _____

at Big Spring, Texas _____ , with a certified copy of this judgment.

David G. _____ notice, U.Warder
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 03/2007) Judgment in a Criminal Case ---Supervised Release

DEFENDANT:        PEDRO VILLA-CAMPOS                                  Judgment - Page 3 of 6
CASE NUMBER:      6:08CR10060-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]        The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable)

[x]        The defendant is prohibited from possessing or purchasing a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable)

[x]        The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable)

[ ]        The defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student. For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted, if such jurisdiction is different from the jurisdiction of residence. Registration shall occur not later than 3 business days after being sentenced, if the defendant is not sentenced to a term of imprisonment. The defendant shall, not later than 3 business days after each change in name, residence, employment, or student status, appear in person in at least one jurisdiction in which the defendant is registered and inform that jurisdiction of all changes in the information required. (Check if applicable)

[ ]        The defendant shall participate in an approved program for domestic violence. (Check if applicable)

        If this judgment imposes a fine or restitution, it is to be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION
1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

AO 245B (Rev. 03/2007) Judgment in a Criminal Case —-Supervised Release

DEFENDANT:          PEDRO VILLA-CAMPOS                                    Judgment - Page 4 of 6
CASE NUMBER:        6:08CR10060-001

1. Upon completion of the term of imprisonment, the defendant is to be surrendered to a duly authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. 1101 - 1524. If ordered deported, the defendant shall not unlawfully reenter the United States.

AO 245B (Rev.06/05) Judgment in a Criminal Case---Criminal Monetary Penalties

| DEFENDANT: | PEDRO VILLA-CAMPOS | Judgment - Page 5 of 6 |
|---|---|---|
| CASE NUMBER: | 6:08CR10060-001 | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the Schedule of Payments set forth in this Judgment.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100 | $ | $ |

[ ] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ _ | $ _ | |

[ ] Restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options set forth in this Judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ] the interest requirement is waived for the   [ ] fine and/or  [ ] restitution.

    [ ] the interest requirement for the   [ ] fine and/or  [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev.06/05) Judgment in a Criminal Case---Criminal Monetary Penalties

DEFENDANT:        PEDRO VILLA-CAMPOS                                          Judgment - Page 6 of 6
CASE NUMBER:      6:08CR10060-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ due immediately, balance due

     [ ]    not later than _____, or

     [ ]    in accordance with ( ) C, ( ) D, ( ) E, or ( ) F below; or

B    [x]    Payment to begin immediately (may be combined with ( ) C,   ( ) D, or (x ) F below); or

C    [ ]    Payment in monthly installments of not less than 5% of the defendant's monthly gross household income over a period of __
            years to commence __ days after the date of this judgment; or

D    [ ]    Payment of not less than 10% of the funds deposited each month into the inmate's trust fund account and monthly installments
            of not less than 5% of the defendant's monthly gross household income over a period of __ years, to commence __ days after
            release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment.
            The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [x]    Special instructions regarding the payment of criminal monetary penalties:

If restitution is ordered, the Clerk, U.S. District Court, may hold and accumulate restitution payments, without distribution, until the
amount accumulated is such that the minimum distribution to any restitution victim will not be less than $25.

Payments should be made to Clerk, U.S. District Court, U.S. Courthouse - Room 259, 500 State Avenue, Kansas City, Kansas 66101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

     [ ]    Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount Joint and Several Amount and
     corresponding payee, if appropriate.

| Case Number (including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
|  |  |  |

     [ ]    The defendant shall pay the cost of prosecution.

     [ ]    The defendant shall pay the following court cost(s):

     [ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution,
(7) penalties, (8) costs, including cost of prosecution and court costs.



# MEMORANDUM

DATE:      May 21, 2009

TO:        Mike Maiella
           **Assistant Divisional Office Manager**                    **JUDGE PHILIP MARTINEZ**

FROM:      Alejandro Salazar
           **U. S. Probation Officer**

SUBJECT:   **Pedro Villa-Campos**
           **Dkt. No.: 6:08CR10060-001**
           **Accompanying Dkt. No.: EP-09-CR-794PRM(4)**          **EP09CR1481**

## DIRECT JUDICIAL ASSIGNMENT

On April 29, 2009, Pedro Villa-Campos plead guilty to Attempted Illegal Re-Entry, a violation of 8 U.S.C. § 1326(a), under Docket No. EP-09-CR-794. Said case is assigned to United States District Judge Philip R. Martinez. The Defendant also has an incoming transfer of jurisdiction case from the District of Kansas under Docket No. 6:08CR10060-001.

In order to have the sentence proceedings on both matters scheduled at the same time, before the same court, the United States Probation Office is requesting that the incoming transfer of jurisdiction case be assigned to United States District Judge Philip R. Martinez.

If you have any questions, please feel free to contact me at your convenience at (915) 585-5590.

cc: Enrique Lechuga, ADCUSPO
    Yolanda Gonzalez - USPO Clerk

L:SILVA\FORMS\PROCEDURES FOR REVO 2009\ATTACH D